EDWARD H. KUBO, JR.   #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI  #2286
Chief, Drug/Organized Crime Section

CHRIS A. THOMAS   #3514
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850-6100
Telephone:  (808) 541-2850
Facsimile:  (808) 541-3752
Email: Chris.Thomas@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00190-01 JMS |
| | ) | CR. NO. 06-00406 JMS |
| Plaintiff, | ) | |
| | ) | PRELIMINARY ORDER OF |
| vs. | ) | FORFEITURE |
| | ) | |
| JOSE DIAZ,     (01) | ) | |
| | ) | |
| Defendant. | ) | |

PRELIMINARY ORDER OF FORFEITURE

As a result of Defendant Jose Diaz's guilty plea to Count 1 of the Information, for which the government sought forfeiture pursuant to 21 U.S.C. § 853, defendant Jose Diaz shall forfeit to the United States all property constituting or derived from any proceeds which defendant obtained, directly or indirectly, as a result of such offense, and all property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such offense.

The Court has determined, based on defendant's plea agreement, that the following properties are subject to forfeiture pursuant to 21 U.S.C. § 853, and that the government has established the requisite nexus between such properties and such offense:

    (1) $30,200 in United States currency seized on October 18, 2004, from a mail parcel addressed to defendant's residence; and

    (2) $14,873 in United States currency seized on May 7, 2005, from defendant's residence

(the above-referenced properties are hereinafter referred to as the "Subject Properties").

Upon the entry of this Order, the United States is authorized to seize the Subject Properties, and to conduct any discovery proper in identifying, locating or disposing of the properties subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

The United States shall publish notice of this Order and its intent to dispose of the Subject Properties in such a manner as the Secretary of the Department Homeland Security (or a designee) and the United States Postal Service may direct. The

United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Properties.

Any person, other than the above-named defendant, asserting a legal interest in the Subject Properties may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his/her alleged interest in the Subject Properties, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.  If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

Any petition filed by a third party asserting an interest in the Subject Properties shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Properties, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Properties, any additional facts supporting the petitioner's claim, and the relief sought.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the Subject Properties following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), for the filing of third party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

DATED: _____, at Honolulu, Hawaii.

Presented by:

/s/ Chris A. Thomas
CHRIS A. THOMAS
Assistant U.S. Attorney

/s/ Benjamin D. Martin
BENJAMIN D. MARTIN, ESQ.
Attorney for Defendant
JOSE DIAZ

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 5, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

USA v. Jose Diaz, Cr. Nos 05-00190-01 JMS and 06-00406 JMS "Preliminary Order of Forfeiture"